IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                      Case No. 09-40031-01/02-SAC

GONZALO P. MALDONADO and
MANUEL GARCIA a/k/a
Tomas Pimental-Legrand,

           Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendant Garcia's motion in limine which seeks to exclude certain evidence from his upcoming trial, including: 1) a video and testimony about a prior traffic stop in Thomas County, Kansas, in which the defendant was a passenger in the same vehicle that was stopped on the date of the charged offense; 2) all testimony about defendant's post-arrest interview with a DEA agent which referred to that prior stop. The government opposes the motion.

**Motion in Limine Standards**

A motion in limine gives a court the chance " 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

1

definitely set for trial, without lengthy argument at, or interruption of, the trial." ' *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md.1987)); see also see *United States v. Cline*, 188 F.Supp.2d 1287, 1291-1292 (D.Kan. 2002). Though such rulings can save time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Thus, the in limine exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D.Ill. 2003). The better judicial practice is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975); *see, e.g., United States v. Lawless*, 153 F.3d 729, 1998 WL 438662, at *4 (10th Cir.)*, cert. denied*, 525 U.S. 1027 (1998).

     A trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41 (1984). Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed

as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), *cert. denied*, 510 U.S. 927 (1993)). "A district court 'may change its ruling at any time for whatever reason it deems appropriate.' " *Martinez*, 76 F.3d at 1152 (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir.1995)).

### Rule 404(b)

Though inadmissible to prove a defendant's character and the inference that the defendant acted consistent with that character, evidence of other crimes, wrongs, or acts may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). As instructed by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988), the court applies a four-part test to determine admissibility under 404(b):

> (1) the evidence was offered for a proper purposes under Fed.R.Evid. 404(b); (2) the evidence was relevant under Fed.R.Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted.

*United States v. Wilson*, 107 F.3d 774, 782 (10th Cir.1997).

**Prior stop of vehicle**

The sole charge against this defendant arises from a February 17, 2009 traffic stop on I-70 in Ellsworth County, Kansas of a vehicle registered in California. Defendant Garcia, a passenger in the vehicle, is charged with possession with intent to distribute methamphetamine. The primary issue at trial will be whether the defendant knew the methamphetamine was in the vehicle and intended to distribute it.

**Video of February 6, 2009 stop**

At the suppression hearing, Trooper Wolting testified that he learned from his dispatcher during the traffic stop which gave rise to the present charge that the same California vehicle had been stopped eleven days earlier for a traffic violation in Thomas County, Kansas. Testimony at the suppression hearing did not establish whether this defendant was in the vehicle when it was stopped in Thomas County, or any other facts relating to that stop. By this motion, defendant contends that he was a passenger in the vehicle when it was stopped in Thomas County on February 6, 2009, and that the stop was videotaped. He contends that the driver was issued a citation for speeding, that the trooper asked for and was given permission to search the vehicle, and that despite a search no contraband was found.

Defendant moves the court to preclude use at trial of the video of the February 6, 2009 stop because it contains certain irrelevant and prejudicial matters. This matter is moot because the government states in its response that it will not seek to admit the video at trial.

Defendant additionally contends that any testimony about the prior stop violates Rule 404(b) because it is offered solely for the purpose of associating the defendant with prior bad acts by others and suggesting that the defendant was involved in transporting drugs on a prior occasion, despite the lack of any evidence of drug trafficking in the prior stop. Defendant additionally contends that all references to the prior stop are inadmissible because they are unreliable, irrelevant, prejudicial, and would confuse the jury.

The government seeks to present the following evidence regarding the prior stop to show defendant's knowledge of the type of activity he was engaged in, his intent, and the absence or mistake in placing himself in the circumstances that led to his arrest:

1) Testimony by Trooper Wolting that during the instant stop he learned that the same California car had been stopped in Kansas approximately two weeks prior, and the impact of that knowledge on his

5

decisions and activities;

2) Testimony by co-defendant Gonzalo Maldonado that he understood the car driven in the instant stop belonged to someone named Alvino or Albino; and

3) Testimony by officers regarding the defendant's admissions and reactions during his post-Miranda interview which include defendant's statement that Alvino was a "drug guy."

The court fails to see the relevance at this time of Trooper Wolting's proffered testimony, although it is not clear that the defendant is challenging it. The Trooper was unaware that this defendant was a passenger in the prior stop, and unaware of other facts linking this defendant to any "drug guy." Although the Trooper's knowledge that the same vehicle had recently been stopped in Kansas may have contributed to his suspicion that the vehicle was involved in drug trafficking, his decisions and activities are not at issue in the trial and have not been shown to be probative of this defendant's knowledge, intent, or absence of mistake for 404(b) purposes.

Defendant seeks to preclude use at trial of statements made about the prior vehicle stop when the defendant was interviewed by DEA agent

6

Zac Cherrington after defendant's February 17, 2009 arrest on the current charge. During that interview, the defendant indicated that on the February 6th trip he had traveled with a person known as Alvino, and Alvino's wife. The defendant stated that Alvino did most of the driving on that trip because the defendant did not have a driver's license. The defendant told Agent Cherrington that if the agent would call Alvino, Alvino could verify the details of the prior trip.

Later in the interview, Agent Cherrington falsely told the defendant that he had called Alvino during a break, that he had told Alvino that the defendant was in custody, and that Alvino had responded that he did not know the defendant and hung up the phone. Upon hearing this, the defendant yelled that Alvino was a "drug guy and they lie." The defendant then quickly regained his composure and said he meant that Alvino was a drug user, that Alvino and his wife use many different types of drugs, and that Alvino was always in court. The agent then suggested that Alvino had been on the first trip to show the defendant a route, and the defendant responded that Alvino drove all over the country with people from the neighborhood and had originally been going to come on the current trip to pay his citation for the prior trip, but had changed his mind.

7

Knowledge is at issue when a defendant denies participation in and awareness of a criminal act. "The admissibility of prior acts evidence to prove knowledge is based on the inference that a defendant is likely to have gained the requisite criminal knowledge after repeated instances of conduct." *United States v. Delay*, 2004 WL 433808, at *2 (D.Kan. Feb.6, 2004) (citing 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 404.22[2] (2d ed.2003)). Rule 404(b) permits the introduction of other crimes to demonstrate a defendant's "intent to commit a crime by demonstrating a common scheme or plan." *United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir.1999), *cert. denied*, 529 U.S. 1108 (2000). These purposes are proper in the present case.

Relevance is a closer question, since no drugs were found in the prior car stop. Evidence of prior drug involvement is relevant when it relates to a matter that is at issue in the case. *United States v. Hardwell*, 80 F.3d 1471,1489 (10th Cir. 1996). The general rule in this circuit is "'prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity with which the defendant is charged.'" *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (quoting *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir.1997)), *cert. denied*,

532 U.S. 1000 (2001). Here, the prior car stop occurred merely eleven days before the instant offense. The court finds the conduct to be similar to the activity with which the defendant is charged, despite the fact that no drugs were found during the February 6th search of the vehicle, based on defendant's statements that he knew Alvino, (the driver of the car previously stopped), that Alvino was a "drug guy," that Alvino lied when he said he did not know the defendant, and that Alvino drove all over the country with people from the neighborhood. Additionally, Maldonado will testify that the California car he drove during the instant offense in which the defendant was a passenger, was owned by Alvino or Albino. Defendant was a passenger in both car stops, and in both stops, the car was owned by Alvino. The prior stop is highly probative of defendant's knowledge, intent to distribute, and lack of mistake.

     Defendant notes that the Spanish interpreter was not present during his entire post-arrest interview and asserts that his own English skills are insufficient to permit him to carry on a conversation of the detail and complexity used in his post-arrest interview. The government states Sergeant Jerry Castro, a Spanish-speaking officer the Ellsworth County, served as a Spanish interpreter as needed during that interview, that he

was present throughout the defendant's interview, but that the defendant chose not to use his services, choosing instead to respond in English to the questions before any translation could be done. The Court understands that the interpreter is listed as a witness, thus the parties will be able to inquire into this factual matter at trial if they so desire. No need to preclude the defendant's statements based on his lack of understanding has been shown.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. Evidence is unfairly prejudicial not because it is merely damaging to a party's case, but because it will have an " 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (quoting Fed.R.Evid. 403 advisory committee's note). The court finds that the evidence the government seeks to admit is not unfairly prejudicial.

The court intends to issue a limiting instruction to the jury regarding its use of evidence regarding the prior stop.

IT IS THEREFORE ORDERED that the defendant's motion in limine (Dk. 45) is denied, subject to reconsideration at trial.

Dated this 28th day of September, 2009.

                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge