IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                          Nos.  09-40031-02-SAC
                                                      11-4005-SAC

MANUEL S. GARCIA,

                Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant Manuel S. Garcia's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 86) supported by a memorandum of law (Dk. 87). The government has filed its response opposing the motion. (Dk. 95). The defendant did not file a reply to the government's response. The case is ready for decision.

**BACKGROUND**

On April 15, 2009, the grand jury returned an indictment against the defendant Garcia and his co-defendant, Gonzalo P. Maldonado, charging both with the single count of possessing with the intent to distribute 3,759.9 grams of a mixture or substance containing a detectable amount of methamphetamine. On September 29, 2009, the day before his trial was scheduled to commence, the defendant Garcia entered a guilty plea to count one pursuant to a plea agreement with the government. The government

agreed to recommend that the defendant receive a full adjustment for acceptance of responsibility and a two-level mitigating role adjustment. The plea agreement further provided for the defendant's waiver of his right to a direct appeal and to a collateral attack. The court sentenced the defendant on January 6, 2010, to the mandatory minimum term of 120 months of imprisonment. The defendant did not file a direct appeal, but he did timely file on January 14, 2011, his pending motion for relief pursuant to 28 U.S.C. § 2255.

**ISSUES**

Liberally construing his *pro se* motion and supporting memorandum, the court finds the defendant is arguing that his counsel was ineffective in advising him to enter a plea: (1) when the defendant is innocent of the crime charged, (2) when the defendant did not understand he would receive no benefit from the government and would be waiving his appellate rights, and (3) without discussing the defendant's option of pleading guilty without an agreement that waived his appellate rights.[1]

---

[1] In his memorandum's statement of the case, the movant includes the following: "The Petitioner requested for his attorney to appeal his sentence and his attorney denied his request." (Dk. 87, p. 3). The movant does not refer to this circumstance in his arguments nor does he ask for any relief based on it. Instead, the § 2255 motion argues he did not knowingly and voluntarily waive his appellate rights, because his counsel did not explain that the plea agreement would not benefit the defendant and because his counsel failed to inform him of the "open plea" option without a waiver of appellate rights.

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). A movant may overcome this procedural bar by showing either of "two well recognized exceptions." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005). First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered. *Id*. Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted). Second, the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (a showing of actual innocence meets the fundamental miscarriage of

justice prong).

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The defendant has the burden to allege facts that would entitle him or her to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. The court may forego an evidentiary hearing if the movant's factual allegations are "contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, 2010 WL 3721689 at *2 (D. Kan. Sept. 15, 2010) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments")). A hearing is unnecessary here, for the movant's allegations are contrary to the record and conclusory rather than factual. The record and reasons stated hereafter conclusively establish that the defendant is not entitled to relief on his claims.

The Sixth Amendment guarantees that "[i]n all criminal

prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, 129 S.Ct. 1841 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs: first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. at 697.

On the first prong of objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is "completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted). A court is highly deferential in its review of the attorney's performance. *Strickland*, 466 U.S. at 689. The court "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986).

The movant's burden on the second prong of prejudice is to show here that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his conviction or sentence would have been different. *See Strickland*, 466 U.S. at 694; *Boyd v. Ward*, 179 F.3d at 914. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a sentencing counsel fails to object or argue a matter with the result of a longer sentence, this suffices to establish prejudice. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Ky.*, ––– U.S. ––––, 130 S.Ct. 1473, 1480–81 (2010) (quotation omitted). Effective performance in this context requires "counsel's informed opinion as to what

pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997), *cert. denied*, 523 U.S. 1144 (1998). "In the context of a guilty plea, the prejudice prong requires a defendant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

If Mr. Garcia is asserting "actual innocence" as an independent claim for § 2255 relief, this circuit does not recognize habeas relief for such a claim:

> [A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *id.* at 401, 113 S.Ct. 853 ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence."); *Sellers v. Ward*, 135 F.3d 1333, 1338-39 (10th Cir.1998) (discussing *Herrera*).

*LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001); *see United States v. Jackson*, 2011 WL 2678720, at *3 (10th Cir. 2011) ("actual innocence" is no free standing claim in a § 2255 action).

The defendant appears to argue his counsel was ineffective in advising him to "go along" with the plea when he was actually "innocent" of the crime. The defendant's only argument in support of this bare assertion

of innocence is that "[t]he drugs belong to" the co-defendant.  (Dk. 87, p. 7).  This assertion is not a viable claim of innocence, for the defendant can be guilty on theories of conspiracy, aiding and abetting, or joint constructive possession.  *See United States v. Curry*, 494 F.3d 1124, 1128 (D.C. Cir. 2007); *United States v. Delgado-Uribe*, 363 F.3d 1077, 1084 (10th Cir. 2004).  To be used in overcoming the procedural bar, actual innocence requires the petitioner to demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995).  The defendant offers no evidence in support of this assertion, and his denial of ownership offers nothing substantial.  The defendant's sworn statements at his change of plea hearing fully contradict his naked denial of guilt. (Dk. 93, p. 10).  The Supreme Court has explained:

> For the representations of the defendant, . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  Having failed to attempt or proffer any showing of actual innocence, the defendant Garcia's conclusory allegation is subject to summary dismissal.

   The defendant Garcia contends his counsel was ineffective in

8

advising him to plead guilty pursuant to a plea agreement that waived his appellate rights without receiving anything in return. In the defendant's opinion, he received nothing from the plea agreement, and he could have obtained the same mandatory minimum sentence of 120 months pursuant to an open plea that would have preserved his rights to a direct appeal. The defendant asserts he "would not have knowingly waived the right to appeal his sentence were he armed with adequate facts in relation to the law of this matter." (Dk. 87, p. 6). In sum, the defendant is arguing his plea and waiver were not voluntarily and knowingly made, because his counsel failed to explain that he could receive the same sentence with an open plea.

The defendant Garcia has not shown his counsel's representation fell below the objective standard of reasonableness. A "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994). The record shows the defendant did receive benefits from his plea agreement. First, the plea agreement provided the government would recommend a two-level mitigating role reduction, and the probation officer prepared the presentence report ("PSR") mindful of the government's agreement. The circumstances of the traffic stop did not factually and conclusively establish the defendant's entitlement to this role

9

reduction. In fact, the defendant's statements during the post-arrest interview[2] could have been argued against this reduction and resulted in a longer guideline sentencing range. The plea agreement kept the government from advocating those possible circumstances in an effort to influence the PSR writer and the court to deny the reduction and the lower base offense level.[3] Second, the plea agreement held out the possibility of a substantial assistance motion by the government that would have authorized the court to impose a sentence below the statutory minimum sentence. 18 U.S.C. § 3553(e). The record plainly establishes that the defendant materially benefitted from a role reduction which the government agreed to recommend and to not challenge. Additionally, the defendant benefitted from the possibility of a sentence below the mandatory minimum in the event he chose to provide substantial assistance. While the defendant did

---

[2]Unlike his co-defendant, the defendant admitted to making a prior trip to Kansas with a "drug guy" whose telephone number was stored in the defendant's cell phone. The defendant's statements about the "drug guy" displayed a familiarity with this individual and understanding of this individual's practices. These circumstances suggest knowledge, quantity of drugs, planning, and more than one transaction. These would be factors that weigh against a role reduction. *See United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1183 (D. Kan. 2006). Additionally, the defendant's statement certainly lacked the factual detail that would compel a minor role reduction.

[3]The effect of the mitigating role adjustment was a six-level reduction in the defendant's offense level. Without this adjustment, the defendant's guideline sentencing range would have been 210 to 262 months with only an acceptance of responsibility adjustment.

not receive a substantial assistance departure, the plea agreement certainly recognized and created his opportunity for receiving one should he have followed through on this course. Because the defendant did benefit from the plea agreement, he cannot show his counsel's performance was objectively unreasonable for not advising otherwise.

The record demonstrates the defendant entered his plea with all appropriate information regarding the benefits of his plea agreement, the relevant aspects of his eventual sentencing, and the details of his waiver of appellate rights. The prosecution summarized the significant terms of the plea agreement including the defendant's minor role reduction and lower base offense level, his right to request a variance, and his opportunity to provide substantial assistance. (Dk. 93, p. 8). The defendant told the court that he agreed with the prosecutor's summary of these significant terms. *Id*. at 9. The defendant was informed of the mandatory minimum sentence of 120 months, of the court's consideration of the sentencing guidelines, and of the possibility that the sentence could be different from what his counsel and others may have suggested. *Id*. at 16-17. The defendant told the court he understood all of these matters. Finally, the court expressly referred to paragraph thirteen of the plea agreement in which the defendant waived his appellate rights. The court paused for defense counsel to again explain to the defendant the terms of this paragraph. The defendant then told the

court that he understood the waiver provisions in this paragraph. *Id.* at 18. The defendant further told the court that he and his counsel had gone over all the provisions of the plea agreement. *Id.* at 16. The court found that the defendant entered his plea of guilty "freely, voluntarily, knowingly, and understandingly" and that the plea was "supported by an independent basis in fact." *Id.* at 20. The defendant's own sworn statements at this hearing establish that his plea was free from coercion and that he understood the nature of his charges and the consequences of his plea, including the waiver of his appellate rights. The record completely contradicts the defendant's assertion that his plea and waiver were not voluntary and knowing.

The defendant next contends that had he entered an "open plea"[4] to the charged count, he would have received the same sentence without having "knowingly waived his right to appeal." (Dk. 87, p. 6). Thus, the defendant complains his counsel was ineffective in not advising him of the "open plea" option. Assuming counsel performed deficiently in failing to discuss the open plea option, the defendant is unable to show prejudice. As discussed above, the defendant did benefit from his plea agreement.

---

[4]"An 'open' or 'blind' guilty plea is a plea made by the defendant without the benefit of a plea agreement entered into with the government." *United States v. Terrell*, 2010 WL 4000626 at *3 n. 26 (D. Kan. 2010) (citing *United States v. Navarro*, 476 F.3d 188, 189 (3d Cir. 2007), *cert. denied*, 552 U.S. 1144 (2008)).

Moreover, the defendant offers no showing of prejudice from having waived his right to a direct appeal. He does not identify or discuss any appellate issues that probably would have vacated his conviction or lowered his sentence. The defendant does not assert or show that but for his counsel's ineffective advice, he would not have pleaded guilty. *See United States v. Harms*, 371 F.3d at 1212. The record also establishes that the defendant's sentence under the open plea option could only have been longer and not shorter than the mandatory minimum sentence imposed pursuant to the plea agreement.

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The

court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 86) and supporting memorandum of law (Dk. 87) is denied;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 6th day of October, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge